98 F.3d 1343
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Theodore L. UNDERWOOD, Defendant-Appellant.
 No. 95-3720.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1996.
 
 1
 Before: NORRIS and SILER, Circuit Judges; EDMUNDS, District Judge.*
 
 ORDER
 
 2
 Theodore L. Underwood, a federal prisoner, appeals his judgment of conviction for possessing cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Underwood was indicted in January 1995 for being a felon in possession of a firearm (count 1), possessing approximately 12.79 grams of cocaine base with intent to distribute (count 2), and possessing approximately 44.68 grams of marijuana with intent to distribute (count 3). After the district court denied his motion to suppress evidence discovered in searches of his person and his vehicle, Underwood entered a conditional guilty plea to count 2. He was sentenced on June 15, 1995, to the mandatory minimum of 120 months in prison, followed by eight years of supervised release.
 
 
 4
 On appeal, Underwood argues that the district court erred in denying his motion to suppress evidence.
 
 
 5
 Upon review, we conclude that the district court did not err in denying Underwood's motion to suppress. The district court's factual findings must be accepted unless they are clearly erroneous, but the district court's ultimate determinations of whether reasonable suspicion and probable cause exist are reviewed de novo. See Ornelas v. United States, 116 S.Ct. 1657, 1663 (1996); United States v. Shamaeizadeh, 80 F.3d 1131, 1135 (6th Cir.1996). We review the evidence in a light most favorable to the district court's decision, see Shamaeizadeh, 80 F.3d at 1135, and give "due weight" to the district court's findings that a witness was credible or that an inference was reasonable. See Ornelas, 116 S.Ct. at 1663.
 
 
 6
 At the suppression hearing, Officer Forney, of the Akron Police Department, testified that, on November 26, 1994, he and his partner spotted a vehicle previously reported by a confidential informant as occupied by three males displaying weapons in a threatening manner. The officers followed the vehicle, and observed the driver as he went through a red light. When the officers pulled over the car, they saw the driver, Underwood, place his hands between the front seats. Underwood was told that he had been stopped for a traffic violation and also because of a police bulletin regarding guns in the vehicle. In response to the officers' questions, Underwood stated that he had no contraband and gave permission for searches of his person and his vehicle. Two plastic baggies containing what appeared to be crack cocaine were found in Underwood's coat pocket. A firearm was found in the center compartment between the front seats of the vehicle. The officers arrested Underwood and also issued a traffic citation. Forney's partner, Officer Pasheilich, corroborated Forney's testimony. Underwood also testified at the suppression hearing. Although he did not deny that he ran a red light, he did deny giving consent to the searches. He also disclaimed any knowledge that a firearm was in the car.
 
 
 7
 There is no doubt that the initial stop was permissible in this case. Underwood does not deny that he drove through a red light. This court has held that "so long as the officer has probable cause to believe that a traffic violation has occurred or was occurring, the resulting stop is not unlawful and does not violate the Fourth Amendment.... [I]t is irrelevant what else the officer knew or suspected about the traffic violator at the time of the stop." United States v. Ferguson, 8 F.3d 385, 391 (6th Cir.1993) (en banc), cert. denied, 115 S.Ct. 97 (1994). See also Whren v. United States, 116 S.Ct. 1769, 1774 (1996).
 
 
 8
 Underwood next challenges the warrantless searches of himself and his vehicle. These searches were permissible under the Fourth Amendment if either probable cause existed to support the searches or consent was given. Both circumstances were present in this case. Under the automobile exception to the warrant requirement, police may search a car without a warrant if probable cause exists to believe that the car contains contraband or evidence of a crime. See California v. Carney, 471 U.S. 386, 390-94 (1985). The confidential informant's information that guns were in the car, in addition to the officers' observation of Underwood apparently hiding something between the front seats, provided probable cause to believe that a gun was illegally secreted in the vehicle. The patdown of Underwood, under the circumstances, was appropriate to ensure the officers' own safety.
 
 
 9
 Moreover, the district court specifically found the officers to be credible and accepted their testimony that Underwood gave consent to search both himself and his vehicle. As previously stated, this finding is entitled to due weight, see Ornelas, 116 S.Ct. at 1663, and there is no reason in this case to disregard it. Underwood's consent rendered both searches legal under the Fourth Amendment. See Schneckloth v. Bustamonte, 412 U.S. 218, 243 (1973); United States v. Richardson, 949 F.2d 851, 858 (6th Cir.1991). The motion to suppress evidence was properly denied.
 
 
 10
 Accordingly, the district court's judgment, entered on June 20, 1995, is affirmed.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation